**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

| | |
|---|---|
| JESSE R. OSBORNE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action File ) No. _____ |
| CENTRAL KNOX INC. | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

Plaintiff Jesse R. Osborne files this Complaint against Central Knox, Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees. Plaintiff alleges as follows:

**THE PARTIES, VENUE AND JURISDICTION**

1. Plaintiff Osborne is a resident of Fairbanks, Alaska.

2. Defendant Central Knox, Inc. ("Defendant" or "Central Knox") is a Tennessee corporation with its principal office address on file with the Tennessee Secretary of State as 6101 Industrial Heights Dr., Knoxville, TN 37909-1228.

3. Defendant's registered agent for service of process is Central Knox, Inc., 6101 Industrial Heights Dr., Knoxville, TN 37909-1228.

4. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

6. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

**FACTS**

7. Plaintiff worked for Defendant in this district and division as an Information Technology Technician ("IT Technician") and was denied earned wages and overtime.

8. The relevant time period is approximately November 2017 to October 2018.

9. Plaintiff was hired by and began employment with Defendant in November of 2017.

10. At all times throughout the relevant period, Plaintiff was an "employee" of Defendant and covered under the FLSA.

11. At all times during the relevant period, Defendant was the "employer" of Plaintiff under the FLSA.

12. At all times during the relevant period, Defendant had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

13. At all times during the relevant period, Defendant was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

14. At all times during the relevant period, Plaintiff was a non-exempt worker for Defendant.

15. Plaintiff was employed as an IT Technician.

16. Defendant has clients throughout Tennessee and the country that require IT installation, support, and maintenance.

17. Plaintiff is responsible for installation, repair, and maintenance of IT equipment for Defendant's clients.

18. In performing his job duties for Defendant, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendant's operations.

19. In performing his job duties for Defendant, Plaintiff did not direct or supervise the work of any employees.

20. In performing his job duties for Defendant, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing or changing the status of any employee.

21. In performing his job duties for Defendant, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

22. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

23. At all times during the relevant period, Plaintiff was paid a regular base salary of approximately $25,000.00 per year irrespective of the number of hours worked.

24. While Plaintiff's schedule varied, Plaintiff routinely worked in excess of forty (40) hours per workweek.

25. Defendant incorrectly classified Plaintiff as an exempt employee under the FLSA.

26. Defendant denied Plaintiff overtime compensation based on this misclassification.

27. Defendant willfully refused to pay Plaintiff properly for overtime compensation as required by federal law.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

28. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

29. At all times during the relevant period, Defendant was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

30. At all times during the relevant period, Defendant employed Plaintiff within the meaning of the FLSA.

31. At all times during the relevant period, Defendant had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked in excess of forty (40) hours per workweek.

32. As a result of Defendant's willful failure to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek, Defendant violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

33. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

-4-

Case 3:20-cv-00089-TRM-DCP   Document 1   Filed 02/28/20   Page 4 of 5   PageID #: 4

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A. An award of unpaid compensation for overtime wages to Plaintiff;

B. An award of all liquidated damages for unpaid overtime wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff;

D. Injunctive relief requiring Defendant to properly classify Plaintiff as non-exempt under the FLSA and pay him in accordance with the FLSA going forward;

E. Such other and further relief as this Court deems just and proper.

Respectfully submitted this February 28, 2020,

**HALL & LAMPROS, LLP**

/s/ *Gordon Van Remmen*
Christopher B. Hall
Ga. Bar #318380
Admitted to practice in the EDTN
Gordon Van Remmen
Ga. Bar #215512
Admitted to practice in the EDTN

400 Galleria Pkwy SE
Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*