# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **JESSE R. OSBORNE** | ) |
| *Plaintiff* | ) |
| v. | ) Case No. 3:20-cv-00089 |
| **CENTRAL KNOX, INC.** | ) |
| *Defendant* | ) |

## JOINT MOTION FOR ORDER APPROVING RESOLUTION OF FLSA CLAIMS

Come now the above-named parties, through their undersigned counsel of record, and announce to the Court that they have resolved all matters in controversy between them, and hereby stipulate to the voluntary dismissal of this action in its entirety with prejudice pursuant to Fed. R. Civ. P. 41(a). The parties also move this Court for an Order approving the terms of the Settlement Agreements agreed to and executed by them (attached hereto as **Collective Exhibit A**) and for dismissal of the claims raised in this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). As grounds for this Motion, the parties respectfully show as follows:

Plaintiff Jesse R. Osborne filed this lawsuit in the United States District Court for the Eastern District of Tennessee on February 28, 2020, alleging that Defendant violated the FLSA. In the Complaint, Plaintiff claims that Defendant misclassified him as an exempt employee and failed to pay him overtime to which Plaintiff was owed under the FLSA. Subsequently, the parties, through counsel, engaged in meaningful discussions concerning the respective positions of the parties and were able to reach an arms-length settlement which is now being presented to the Court for approval. Undersigned counsel represent that the negotiations were adversarial in nature and

that the settlement represents a compromise on the part of the parties with respect to Plaintiff's allegations, the relief sought by Plaintiff, and the attorneys' fees.

As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed resolution to the district court." *Id*. at 1353. [1]

The parties submit that the Court should approve the terms of the settlement agreement because they were achieved through adversarial negotiations between experienced counsel and reflect a fair and reasonable compromise over disputed issues.

A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1353, 1355. In *Lynn's Food Stores*, the district court established the following factors to determine whether to approve an agreed-upon resolution of an FLSA claim:

1. Was it achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect their rights?
3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id*. at 1353-54.

In this instance, the resolution reached by the parties was negotiated by experienced counsel who protected the rights of both parties. The parties submit to the Court that the terms of

---

[1] *But see, Martin v. Spring Break '83 Products, LLC*, 688 F.3d 247 (5th Cir. 2012) (Fifth Circuit holding that a private settlement of a bona fide FLSA dispute does not require court approval). The Sixth Circuit has not squarely addressed the issue as to whether all bona fide FLSA settlements must be judicially approved. Nevertheless, the parties believe that court approval is the better practice and consistent with the weight of authority.

resolution reflect a fair and reasonable compromise regarding bona fide disputes between the parties with respect to whether Plaintiff's claims, in part, are subject to the applicable statute of limitations, whether Plaintiff was entitled to overtime under the FLSA, whether damages were available to Plaintiff under the FLSA, and also the amount of damages, if any, that were available to the Plaintiff under the FLSA. With the Court's approval, the parties will be resolving all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA, including attorneys' fees and costs.

For the foregoing reasons, the parties jointly request that the Court grant this Joint Motion, enter an Order approving the settlement agreement, and dismiss this action with prejudice based on the parties' agreement. A proposed Order is filed contemporaneously herewith.

Respectfully submitted this 8th day of May 2020.

**HALL & LAMPROS, LLP**

*/s/ Gordan Van Remmen*
Gordan Van Remmen, Esq. (Ga. BPR # 215512)
Admitted to practice in the EDTN
Christopher B. Hall, Esq. (Ga. BPR # 318380)
Admitted to practice in the EDTN
400 Galleria Pkwy SE
Suite 1150
Atlanta, GA 30339
(404) 876-8100
gordon@hallandlampros.com
chall@hallandlampros.com

*Attorneys for Plaintiff*

**FISHER | RUSSELL PLLC**

*/s/ Adam G. Russell* (w/p by email 5/8/20)
Adam G. Russell, Esq. (BPR # 027505)
10265 Kingston Pike, Suite C
Knoxville, Tennessee 37922
(865) 259-7777
arussell@fisher-russell.com

*Attorney for Defendant*