# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter "**Agreement**") is entered into by and between Plaintiff, **JESSE R. OSBORNE ("OSBORNE")**, on behalf of himself, his heirs, executors, agents, representatives, administrators, survivors, assigns and anyone claiming through him (hereinafter referred to as "**EMPLOYEE**") and Defendant, **CENTRAL KNOX, INC.**, and all its subsidiaries and affiliates (including, but not limited to, Central Technologies, Inc., Knox Networks, Inc., Central Tech Solutions, Inc. and Central Technologies Solutions, Inc.), successors and assigns, and its current and former partners, officers, agents, members, directors, attorneys, heirs, survivors, assigns, and executors (all herein collectively referred to as "**EMPLOYER**"). All of the foregoing individuals and entities are hereinafter sometimes also collectively referred to as the "**Parties**."

**WHEREAS**, **EMPLOYEE** was formerly employed by the **EMPLOYER** as an IT Service Engineer/Technician from approximately October of 2017 through October of 2018;

**WHEREAS**, **EMPLOYEE** alleged that **EMPLOYER** did not pay him for all hours worked in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*; for which claims **EMPLOYEE** sought compensation and relief in through a Complaint styled *Jesse R. Osborne vs. Central Knox Inc.*, pending in the United States District Court for the Eastern District of Tennessee, Case No. 3:20-cv-00089 (the "**Lawsuit**"); and

**WHEREAS**, although **EMPLOYER** has denied and continues to deny that it violated **EMPLOYEE'S** rights under the FLSA or any other federal, state or local law, or state common law principles, the Parties desire to finally and forever resolve, compromise and settle any and all claims which **EMPLOYEE** asserted or could have asserted in the Lawsuit and which arise out of or in any way related to his work for or employment by **EMPLOYER** as alleged in the Lawsuit.

**NOW THEREFORE,** in consideration of the foregoing RECITALS which are incorporated herein, together with these premises, covenants, promises, and terms and conditions contained herein, the Parties agree as follows:

1. As consideration for the release of all claims, **EMPLOYER** will pay **EMPLOYEE** the total sum of Twenty-Eight Thousand and Five Hundred Dollars ($28,500.00) in compromise and settlement of any and all claims that he asserted or could have asserted in the Lawsuit. **EMPLOYEE** shall be paid the aforesaid sum in two separate checks as follows:

    (a) TEN THOUSAND Dollars ($10,000.00), less all applicable withholdings and deductions, payable to Jesse Osborne for his alleged lost wages, for which a W-2 will be issued for the back-wage payment.

    (b) EIGHTEEN THOUSAND and FVIE HUNDRED Dollars ($18,500.00) payable to "Hall & Lampros, LLP IOLTA f/b/o Jesse Osborne". This amount represents:

        i. TEN THOUSAND Dollars ($10,000.00) for alleged liquidated damages, for which the Central Tech will issue a 1099;

1

        ii.        FIVE HUNDRED Dollars ($500.00) for alleged general damages, for which a 1099 will be issued; and

        iii.        EIGHT THOUSAND Dollars ($8,000.00) for alleged attorneys' fees and expenses, for which a 1099 will be issued.

    (c)    **EMPLOYER** will send all payments provided for under this Paragraph 1 to **HALL & LAMPROS, LLP** within ten (10) calendar days following **EMPLOYEE'S** execution of this Agreement and approval of this settlement by the Court; and

    (d)    **EMPLOYEE**, through his counsel, shall submit this Agreement to the United States District Court for the Eastern District of Tennessee within three (3) days of execution for approval by the Court. **EMPLOYEE**, through his counsel, shall prepare and submit all necessary documents to ensure settlement approval and dismissal with prejudice of the Lawsuit by the Court. The settlement approval documents must be approved by counsel for **EMPLOYER** prior to filing with the Court.

2. Although the payments to **EMPLOYEE** in Paragraph 1 above for liquidated damages, attorney fees, and legal expenses are non-wage income arising out of the settlement of his claims, **EMPLOYEE** understands and agrees, in consideration of the aforesaid sums, that he is solely and entirely responsible for the payment of all federal, state and local taxes, penalties and interest, if any, which may be found to be due upon such amounts. **EMPLOYEE** agrees to indemnify and hold harmless **EMPLOYER** against any claims for income taxes, penalties, interest and the **EMPLOYEE'S** share of FICA, which may be found to be owed by **EMPLOYEE** arising from said non-wage payments.

3. In consideration of the payments set forth in Paragraph 1, **EMPLOYEE** does hereby knowingly, voluntarily and unconditionally release, acquit and forever discharge **EMPLOYER** from any and all claims, liabilities, rights and causes of action he asserted or could have asserted in the Lawsuit including those which arise out of or in any way related to his work for or employment by **EMPLOYER** as alleged in the Lawsuit. If any claim is not subject to release, to the extent permitted by law, **EMPLOYEE** waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which **EMPLOYER** or any other released entity and/or individual identified in this Agreement is a party.

4. **EMPLOYEE** warrants that he has received all benefits and compensation to which he is entitled under the Fair Labor Standards Act of 1938. **EMPLOYEE** warrants that at the time of execution of this Agreement he has not filed any charges, demands, claims, or actions with any local, state, or administrative agency relating to his employment, separation therefrom, or the claims released herein, other than the Lawsuit referenced above. This Agreement does not prohibit **EMPLOYEE** from filing other state or federal administrative charges or claims (*i.e.,* NLRB or other such agencies) or from participating in such matters; but, notwithstanding the foregoing, **EMPLOYEE** agrees to waive his rights to recover individual relief in any charge, complaint, or lawsuit filed by him or anyone on his behalf against **EMPLOYER**. The Parties acknowledge that

2

this Agreement is made and executed in settlement of disputed claims for which **EMPLOYER** denies any and all liability; that they are settling this matter solely to avoid the cost of litigation; and that neither this Agreement nor the payments and other consideration herein identified, are to be construed as an admission of wrongdoing or liability on the part of **EMPLOYER**.

5. **EMPLOYEE** agrees that the monetary terms of this Agreement are strictly confidential. **EMPLOYEE** will not state that **EMPLOYER** has agreed to make, or has made, any payment to him or his attorneys or the amount of any payment. **EMPLOYEE** agrees that he shall not discuss or disclose the settlement or its terms in any way prior to preliminary approval of this Agreement, other than pursuant to obtaining judicial approval of this settlement, or in necessary disclosures to the Court. Notwithstanding the foregoing, nothing in this Agreement shall prohibit **EMPLOYEE** from disclosing the amounts paid to him under this Agreement to (i) his counsel, members of his immediate family, or an accountant or other tax adviser, provided that each such person has been informed of this confidentiality obligation and agrees to be bound by its terms; or (ii) to the Internal Revenue Service, and state or local taxing authorities; or (iii) as is required by process of law, or in any action to enforce the terms of this Agreement, provided that such disclosure is protected from public disclosure by an appropriate confidentiality order to the extent permitted by applicable authorities.

6. This Agreement is based upon a good faith determination of the Parties to resolve a disputed claim and to avoid the costs associated with prolonged litigation.

7. This Agreement contains the entire understanding and agreement between the Parties hereto and represents the full and final resolution of any and all issues regarding **EMPLOYEE'S** work for or employment by **EMPLOYER**. This Agreement may not be modified or amended in any manner without a written agreement signed and dated by all Parties and their counsel. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision. The recitals are incorporated into this Agreement. Neither this Agreement nor any other agreement between the Parties, nor any uncertainty or ambiguity herein or therein, shall be construed or resolved using any presumption against any party hereto or thereto, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by the Parties and, in the case of any ambiguity or uncertainty, shall be construed according to the ordinary meaning of the words used so as to fairly accomplish the purpose and intentions of all Parties hereto. The recitals are incorporated into this Agreement. This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Tennessee, notwithstanding its rules governing choice of law.

8. This Settlement Agreement and Release may be executed in any number of counterparts and by the different Parties hereto on separate counterparts with each said counterparts being an original, but all counterparts together shall constitute one and the same instrument. Electronic signatures and signatures obtained by fax, pdf, or scanned and emailed shall constitute an original signature, but one counterpart set delivered to the United States District Court shall be marked the "Original," and all other counterparts shall be marked "Duplicate".

By executing this Agreement, each Party acknowledges having carefully read, and acknowledges knowing and understanding, the terms and effect hereof. Each Party further represents, declares and agrees that he or it voluntarily enters into this Agreement for the purposes of making a full

and final compromise, adjustment and settlement of all claims hereinabove described. Each Party signs this Agreement of his or its own free will, after consultation with counsel about same.

**IN WITNESS WHEREOF**, the parties have executed this Agreement to be effective as of this ____ day of _____5/7/2020_____, 2020.

**EMPLOYEE:**

DocuSigned by:
*Jesse Osborne*
4B2B4EB088CF441...
**JESSE R. OSBORNE**

**EMPLOYER:**

**CENTRAL KNOX, INC.**

**By:**_____
    **Doug Carswell**

**Its:    President**

and final compromise, adjustment and settlement of all claims hereinabove described. Each Party signs this Agreement of his or its own free will, after consultation with counsel about same.

**IN WITNESS WHEREOF**, the parties have executed this Agreement to be effective as of this ____ day of _____, 2020.

**EMPLOYEE:**

_____
**JESSE R. OSBORNE**

**EMPLOYER:**

**CENTRAL KNOX, INC.**

By: *[signature]*
_____
Doug Carswell

Its:    President