UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JESSE R. OSBORNE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:20-CV-00089-TRM-DCP |
| ) | |
| CENTRAL KNOX, INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order of the District Judge [Doc. 11].

Now before the Court is a Joint Motion for Order Approving Resolution of FLSA Claims, ("Joint Motion") [Doc. 10], which seeks approval of the settlement of Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and entry of dismissal with prejudice. The parties appeared by telephone for a motion hearing on July 10, 2020. Attorneys Andrew Lampros and Gordon Van Remmen, II, appeared on behalf of Plaintiff. Attorney Adam Russell appeared on behalf of Defendant. Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that the Joint Motion [**Doc. 10**] be **GRANTED.**

I.   **BACKGROUND**

Plaintiff filed suit against Defendant on February 28, 2020. [Doc. 1]. The Complaint alleges that Plaintiff worked for Defendant as an Information Technology Technician ("IT Technician") during the time period of November 2017 through October 2018. [*Id.* at ¶¶ 7–8]. The Complaint states that Defendant incorrectly classified Plaintiff as an exempt employee. [*Id.*

at ¶ 25]. Due to this misclassification, the Complaint alleges that Defendant "willfully refused to pay Plaintiff properly for overtime compensation as required by federal law." [*Id.* at ¶ 27].

The Complaint avers that Plaintiff is a non-exempt worker, who routinely worked more than forty (40) hours a week. [*Id.* at ¶ 24]. Plaintiff claims that he does not meet the requirements of an exempt employee because his job duties do not require him to perform executive functions, to hire or fire employees, or to exercise any discretion or independent judgment in regard to matters of significance. [*Id.* at ¶¶ 18–21]. Plaintiff contends that, as a result of his misclassification as an exempt employee, Defendant willfully failed, in violation of the FLSA, 29 U.S.C §§ 207(a)(1) and 215(a), to pay Plaintiff at a rate of at least one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek. [*Id*. at ¶ 32].

## II.     POSITIONS OF THE PARTIES

The parties filed a Joint Motion [Doc. 10], requesting that the Court approve their settlement agreement [Doc. 10-1] and that the Court dismiss the case with prejudice. The parties explain that they have bona fide disputes regarding Plaintiff's entitlement to wages owed pursuant to the FLSA, including whether Plaintiff's claims are subject to the applicable statute of limitations, whether Plaintiff was entitled to overtime under the FLSA, whether damages were available to Plaintiff under the FLSA, and the amount of damages that are available. The parties have determined to settle the case to avoid protracted litigation. The parties represent that the settlement agreement is fair and reasonable and adequately compensates Plaintiff for this dispute. In addition, the parties state that the settlement agreement is intended to resolve and satisfy all Plaintiff's wage and hour claims, including any and all claims, liabilities, rights, and causes of action he asserted or could have asserted in the lawsuit. [*Id.* at 2].

### III. ANALYSIS

Courts are required to ensure that the settlement of a FLSA claim is a "fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F. 2d 1350, 1355 (11th Cir. 1982). The settlement of the FLSA claim "should reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute." *Id.* In cases where the settlement agreement proposes an award of attorney's fees, such fees must also be reasonable. *Schneider v. Goodyear Tire & Rubber, Co.*, No. 5:13-cv-2741, 2014 WL 2579637, *2 (N.D. Ohio June 9, 2014).

In the instant case, the Court has reviewed the settlement agreement, and the Court finds that it is fair and reasonable. The Court notes that both parties are represented by counsel and that both parties acknowledge that bona fide legal disputes exist (i.e., whether Plaintiff qualifies as an exempt or non-exempt employee and whether Plaintiff's claim is subject to the statute of limitations). The parties engaged in arm's length negotiations and determined that settling this case is in their best interests. Further, the Court notes that Plaintiff "warrants that he has received all benefits and compensation to which he is entitled under the [FLSA]." [Doc. 10-1 at 3].

Specifically, the parties agree that the settlement amount provides Plaintiff $10,000 for alleged unpaid wages, $10,000 for alleged liquidated damages, and $500 for alleged general damages. [Doc. 10-1 at 1-2]. In addition to the above amounts, the parties have agreed that Defendant will pay $8,000 for attorney's fees and expenses. [*Id.* at 3]. The parties were each represented by experienced and reputable counsel, ensuring that the employee's interests were adequately protected from any overreaching. The parties agree that Plaintiff's recovery amount is fair and reasonable. Further, the Court notes that, by settling, Plaintiff is spared the burden of proving his claims and damages to a jury, and he is being fairly compensated with the wages of

3

which he was allegedly deprived. Accordingly, the Court finds that the terms of the parties' settlement agreement represent a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

As previously mentioned, Defendant has also agreed to pay $8,000 in attorney's fees and expenses. [Doc. 10-1 at 3]. During the telephonic hearing in this matter, Plaintiff explained that the attorney's fees were negotiated separately from the damages amount. *See* 29 U.S.C. § 216 (stating that reasonable attorney's fees and costs shall be paid by defendant). Plaintiff explained that the total expenses in this matter are $465.00, which constitutes the $400.00 filing fee and $65.00 to serve Defendant. The remaining $7,535.00 constitutes attorney's fees. Plaintiff stated that Attorney Christopher Hall spent eight (8) hours on this case, and Attorney Andrew Lampros spent three (3) hours on this case. These attorneys, however, did not charge any of their time to the case. Further, Attorney Remmen spent 23.1 hours on this case at an hourly rate of $350.00. Attorney Remmen is a fifth-year associate who has focused primarily on employment law. Attorney Patrick Hannon spent one (1) hour on this matter at $450.00 per hour. Attorney Hannon has practiced law for over nineteen (19) years and has handled multiple, complex employment matters. Finally, Attorney Brittany Barton spent 6.3 hours in this case at $250.00 per hour. She is a first-year associate who has worked on several employment matters.

Thus, the adjusted lodestar rate in this case (*i.e.,* without including Attorney Hall's and Attorney Lampro's hours) is $10,110.00. The parties negotiated an attorney's fee of $7,535.00. While some of the hourly rates are high for this District considering each attorney's experience, the Court notes that Plaintiff's attorneys have already reduced eight (8) hours from their billing in addition to settling for less than the adjusted lodestar rate.[1] Under these circumstances, the Court

---

[1] For instance, in *Equal Employment Opportunity Commission v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965-66 (E.D. Tenn. 2017), *aff'd* 899 F.3d 428 (6th Cir. 2018), the Court awarded

4

finds the attorney's fees to be reasonable. Further, as the Court previously mentioned, the attorney's fees were negotiated separately from Plaintiff's award. *See Hatfield-Evans v. ENNRL, Inc.,* No. 3:17-CV-419-TRM-DCP, 2018 WL 6055566, at *3 (E.D. Tenn. Oct. 30, 2018) ("While the Court observes that the attorney's fees are unusually high, especially considering what little discovery took place, the Court will recommend that the settlement agreement be approved, given that the attorney's fees are separate from Plaintiffs' award in this matter."), *report and recommendation adopted*, No. 3:17-CV-419, 2018 WL 6055515 (E.D. Tenn. Nov. 19, 2018)).

**III. CONCLUSION**

Accordingly, for the reasons set forth above, the Court **RECOMMENDS**[2] Joint Motion for Order Approving Resolution of FLSA Claims [**Doc. 10**] be **GRANTED**.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

an hourly rate of $350.00 for an attorney with twenty-four (24) years of experience and $250.00 per hour for an attorney with eleven (11) years of experience

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).